## 13245. HORTON et al. v. OGLETHORPE UNIVERSITY.

The judge of the municipal court did not err in ruling out the evidence embodied in paragraphs 4 and 6 of the agreed statement of facts (as to representations inducing the defendants to sign the subscription to the university), nor in rendering judgment for the plaintiff; and the judge of the superior court properly overruled and dismissed the certiorari.

**DECIDED DECEMBER 13, 1922.**

Certiorari; from Fulton superior court — Judge Pendleton. September 22, 1921.

The specific grounds upon which counsel for the university, in

their briefs in the Court of Appeals, contended that the excluded evidence was inadmissible were: (1) that parol evidence is not admissible to show that a subscription which is unquivocal, complete, and unconditional on its face is conditional; and (2) that persons dealing with a corporation must take notice of the terms of its charter, and their contracts must be treated as having been made with reference to the charter. Opposing counsel contended that no such rule of notice applies to contracts of subscription except where the subscription is to stock of the corporation; and that parol evidence is admissible to show fraudulent misrepresentations.

*Anderson, Rountree & Crenshaw,* for plaintiffs in error, cited: 104 *Ga.* 792; 6 *Ga. App.* 329; Fletcher's Cyclopedia of Corporations, § 620; Marshall, Corp., § 268; 94 *Ga.* 324; 96 *Ga.* 506; 45 *Ga.* 34; 6 *Ga. App.* 835-8; Id. 560; 104 *Ga.* 312; 54 S. W. 28; 25 R. C. L. 1409; 24 *Ga. App.* 388, distinguished; 96 *Ga.* 508 distinguished.

*Watkins, Russell & Asbill,* contra, cited: Park's Code, §§ 4242, 4246; 37 Cyc. 486; 56 *Ga.* 665 (2); 137 *Ga.* 698; 140 *Ga.* 291 (3); 48 L. R. A. (N. S.) 78, n., 798, n., 813, n.; 24 *Ga. App.* 388; 25 R. C. L. 1407; 16 Ariz. 26 (140 Pac. 816; 52 L. R. A. (N. S.) 220), and cit.; 2 Morawetz, Cor., § 591; 14 C. J., § 886; 57 *Ga.* 240, 243; 73 *Ga.* 437, 443; 94 *Ga.* 510; 96 *Ga.* 508; 14 C. J., § 868.

BLOODWORTH, J. The decision will be understood when read in connection with the following statement of facts: Oglethorpe University brought suit in the municipal court of Atlanta against O. E. and M. C. Horton, alleging in part the following: "Defendants are indebted to plaintiff in the sum of $100.00 on a subscription contract in words and figures as follows: 'Subscription toward the refounding of Oglethorpe University. Atlanta, Fulton County, Georgia. Dec. 4th, 1913. For good and valuable considerations I hereby agree to pay to Oglethorpe University, a corporation of Fulton County, Georgia, the sum of $100.00. Witness my hand and seal the day and year above written. The above sum is payable as follows: $—— when work is begun toward construction of said university; balance as follows: $100.00 in two years after the main building shall have been completed, without interest. Signed: O. E. & M. C. Horton.' Said subscription was a mutual

one made with many others to said university.  Plaintiff, relying upon said subscription and others, began construction on said university in January, 1914, and completed the main building 'in August, 1916, has repeatedly demanded said sums of defendant, and they have refused to pay the same."  The defendants denied liability, and in addition pleaded that "on or about December 4th, 1913, they did make a voluntary pledge to Oglethorpe University for $100.00, but that said pledge was purely voluntary, based upon no consideration whatsoever, and was pledged upon the representation made by the plaintiff through its agents and the public press, that the Oglethorpe University named in the pledge was to be a refounding of old Oglethorpe University which existed in Georgia many years ago, and would be under the auspices, management, and control of the Presbyterian church as a denomination.  Defendants show that as organized said university is not a refounding of old Oglethorpe University, nor is it under the control, management, and auspices of the Presbyterian church, but is an institution privately promoted and organized for the purpose of private pecuniary gain and profit.  After defendants ascertained these facts they refused to pay the pledge thus voluntarily made."  The case was submitted to the judge of the municipal court on the following agreed statement of facts:  " 1.  That Oglethorpe University is an eleemosynary institution duly incorporated in Fulton County, Georgia, in March, 1913; that defendants signed the subscription contract sued upon; that the plaintiff relying upon same and others acted upon same before it was withdrawn, and began construction on said university in 1914, the main building being completed prior to December 31, 1915.  2.  That plaintiff corporation is controlled by a board of directors, provided for in its charter, composed of men who must be and are members of a Presbyterian church, in good standing, and who have given or contracted to give one thousand dollars ($1000.00) or more to the university.  3.  That plaintiff corporation is not owned or controlled by the Presbyterian church or any organized body of same, and is not connected with the Presbyterian church further than the above-stated charter provision as to directors who control the university.  4.  That the person who solicited the pledge or subscription of defendants represented that Oglethorpe University, named in the pledge, was to be a refounding of old Oglethorpe University

(whose charter was granted by the Georgia legislature in 1833 and amended in 1851), and would be under the auspices, management, and control of the Presbyterian church. 5. That said solicitor was neither a trustee nor an officer of the university, but one of a number of committeemen authorized by the university to solicit subscriptions or contributions for same. 6. That each of the defendants will testify that the representation or statement made by the solicitor, as set out in paragraph 4 hereof, was the inducing cause of defendants' subscription. 7. It is agreed that either party to the above case may object to the admissibility of any part of this statement of ·facts on account of irrelevancy, immateriality, incompetency, or inadmissibility."

On the trial of the case " the plaintiff ·objected to the evidence embodied in paragraphs 4 and 6 of the agreed statement of facts, on the ground that such evidence was incompetent, irrelevant, and immaterial." This objection was sustained by the court, and judgment was rendered in favor of the plaintiff against the defendants. Writ of certiorari was granted, and upon the hearing thereon the certiorari was dismissed and judgment again rendered for the plaintiff. To this final judgment the defendants excepted.

*Judgment affirmed. Luke, J., concurs; Broyles, C. J., disqualified.*